UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTELL ANDRE GARRETT,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL COURT OF APPEALS,<br><br>Defendant. | Case No. 17-cv-03853-JSC<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Plaintiff, an inmate at Donovan Correctional Facility in San Diego County, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against "Federal Court of Appeals."[1] Plaintiff's application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed without prejudice to filing a petition for a writ of habeas corpus in the Central District of California.

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 8.)

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

This case was opened when Plaintiff wrote letters to Judge Henderson about a variety of different issues relating to his confinement and his arrest. The Clerk responded by informing him that in order to proceed he must submit a complaint, the form for which he was also mailed. Plaintiff filled out the form complaint and returned it to the Court. The only claim he makes in the complaint is that he is innocent.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004)). Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011). A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995). As Plaintiff's claim of

innocence challenges the lawfulness of his confinement, it must be brought in a petition for a writ of habeas corpus, not in a civil rights complaint.

**CONCLUSION**

For the foregoing reasons, the complaint is DISMISSED without prejudice to Plaintiff bringing his claim of innocence in a petition for a writ of habeas corpus. As he was convicted in Los Angeles County, he must file such a petition in the United States District Court for the Central District of California, not this Court.

Petitioner may obtain the Central District's habeas form and instructions by downloading them from the Central District's website under "Forms," "Pro Se Packets," and "State Habeas Corpus Packet." The link for the Central District's website is:

http://court.cacd.uscourts.gov/CACD/Forms.nsf/Forms

The link to go directly to the form is:

http://court.cacd.uscourts.gov/CACD/Forms.nsf/0b2b50f03ce1d589882567c80058610a/c6f26bf08eb5632488256fd70000193d?OpenDocument

Alternatively, Petitioner may obtain the form and instructions by writing a request for such a form to:

Clerk's Office
United States District Court for the Central District of California
350 W 1st Street, Suite 4311
Los Angeles, CA 90012-4565
(213) 894-3535

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 31, 2017

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3